IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER McENEANEY, | : | CIVIL ACTION |
|   Petitioner, | : | |
| | : | |
|             v. | : | |
| | : | |
| JOHN KERESTES, et al., | : | NO. 13-3434 |
|   Respondents. | : | |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                     September    20, 2013

Before the Court is a counseled petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Christopher McEneaney, who is currently incarcerated at the State Correctional Institution Mahanoy in Frackville, Pennsylvania. For the reasons that follow, we recommend that the petition be stayed pending the state courts' consideration of McEneaney's claim relying on the United States Supreme Court's recent decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

**I.    FACTS AND PROCEDURAL HISTORY[1]**

McEneaney was convicted in the Delaware County Court of Common Pleas on March 23, 2007 of first degree murder. He was sixteen years old at the time of the offense. He was sentenced to a term of life imprisonment, without the possibility of parole, by the Honorable Patricia H. Jenkins on May 7, 2007. On June 8, 2009, the Superior Court affirmed the judgment

---

[1] In that McEneaney has a post-conviction petition pending in the state courts, the original state court record is not available to us in this case. We derived the facts and procedural history from the petition, the response, the motion to stay, and the state court docket entries available online through The Unified Judicial System of Pennsylvania Web Portal, http://ujsportal.pacourts.us (last visited Sept. 19, 2013).

1

of conviction.  *Commonwealth v. McEneaney*, Appeal Docket Sheet, No. 1473 EDA 2007 (Pa. Super. Ct.).  He did not seek review in the Pennsylvania Supreme Court.

On or about August 3, 2009, McEneaney filed a *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541, *et seq.* ("PCRA").  The court appointed Scott D. Galloway, Esquire, as counsel.  Attorney Galloway eventually filed an Amended PCRA petition, which he later supplemented, albeit several weeks after a deadline given to him by the court.  The PCRA Court denied Petitioner's requests for the appointment of new counsel during this time and, finding no merit in the claims that Petitioner sought to raise, ultimately dismissed the PCRA petition on February 10, 2011.  Attorney Galloway did not appeal that dismissal, nor does McEneaney appear to have attempted to do so *pro se*.[2]

McEneaney retained new counsel, Teri B. Himebaugh, Esquire, on July 26, 2011.  She filed a second action in the PCRA Court seeking nunc pro tunc relief and alleging that her client's Sixth Amendment rights were violated in that Attorney Galloway abandoned him on PCRA review and thus deprived him of his opportunity to litigate various claims of ineffective assistance of trial and/or appellate counsel.  On August 21, 2002, he supplemented his petition to

---

[2]  McEneaney had managed, however, to file a *pro se* interlocutory appeal of one of the orders denying his request to replace counsel.  He filed that appeal on February 3, 2011, shortly before the PCRA Court dismissed the underlying PCRA petition.  After McEneaney retained new counsel, she sought leave to amend the PCRA petition.  The Superior Court denied this request without prejudice to McEneaney's right to re-apply to the PCRA Court for the requested relief.

The Superior Court ultimately disposed of the interlocutory appeal on June 8, 2012 when it granted the Commonwealth's motion to quash the appeal.  *Commonwealth v. McEneaney*, Appeal Docket Sheet, No. 323 EDA 2011 (Pa. Super. Ct.).  Upon disposition of this appeal, counsel promptly took up the Superior Court's suggestion to seek relief in the PCRA Court.  *See Commonwealth v. McEneaney*, C.C.P. Docket Sheet, No. CP-23-CR-0001914-2006 (reflecting counsel's filing on June 18, 2012 of "Petitioner's Motion for Nunc Pro Tunc Post Conviction Relief).

assert that his Eighth Amendment rights were violated when he was sentenced as a juvenile to life without the possibility of parole, in light of *Miller v. Alabama*, 132 S. Ct. 2455 (June 25, 2012). The PCRA Court dismissed his petition on October 16, 2012 as untimely. McEneaney's appeal of that denial of relief is currently pending before the Superior Court. *See Commonwealth v. McEneaney*, Appeal Docket Sheet, No. 3002 EDA 2012 (Pa. Super. Ct.) (reflecting submission of appeal to panel on June 17, 2013).

On June 18, 2013, and again through Attorney Himebaugh, McEneaney filed his petition for habeas relief in this Court. In what is couched as a single ground for relief, Petitioner asserts that the state courts violated his Sixth, Eighth, and Fourteenth Amendment rights in the dismissal of PCRA petition as untimely and in the refusal to reinstate his appellate rights where he alleged ineffective assistance of trial, appellate, and post-conviction counsel, "and [in the rejection of] his entitlement to sentencing relief pursuant to *Miller v. Alabama.*" (Pet. at 9.) His petition identifies 17 claims that he had wanted to raise in his initial PCRA review or which he contends were improperly dismissed by the PCRA Court without benefit of a hearing. (Pet. at Attach. 1).

In conjunction with his counseled habeas petition, McEneaney also filed a motion to stay his petition. (Doc. No. 2.) He argues that a stay is necessary not only to permit him to exhaust all of his state claims but also because of the pendency of *Commonwealth v. Cunningham* before the Pennsylvania Supreme Court, addressing whether *Miller* may be applied retroactively to a state prisoner who had already had a PCRA petition dismissed as McEneaney has. Petitioner argues that "[t]he federal court should refrain from hearing and deciding the *Miller* claim until after the state court rules on *Cunningham,* supra," and requests "that the Court place the habeas petition in abeyance/suspense until such time as he has exhausted his state appeals and/or *Commonwealth v. Cunningham* has been decided." (Mot. for Stay at 9.)

3

Upon referral from the Honorable Jan E. DuBois for preparation of a Report and Recommendation, we directed the Delaware County District Attorney to respond to Petitioner's motion for a stay. In their response submitted on August 14, 2013, Respondents confirmed that they do not oppose a stay of this proceeding until after the conclusion of state appellate court review of the pending PCRA petition. (Resp. [Doc. No. 5] at 8.)

## II. DISCUSSION

Absent unusual circumstances, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner give the state courts an opportunity to review and correct his allegations of error before he seeks relief in the federal court. *See, e.g., Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The governing statute, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), further provides that a habeas petitioner is not in compliance with this exhaustion requirement "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The "claim" that McEneaney identifies, with its several component parts, is clearly unexhausted, as the issues raised there are currently before the Superior Court in his appeal of the October 16, 2012 dismissal of his second PCRA petition. As the Supreme Court recognized in *Rhines v. Weber*, 544 U.S. 269 (2005), however, the exhaustion requirement can conflict with AEDPA's one year statute of limitations. In that case the Court approved the use of a "stay and abey" procedure for petitioners who could show good cause for failing to exhaust a claim with potential merit claim and who came to federal court to ensure that the unexhausted claim was being presented within the statute of limitations. The Court recognized that by staying the federal petition rather than dismissing it as unexhausted, the petitioner could complete the state

4

procedures necessary to comply with AEDPA's exhaustion requirement without the need to re-file at a point in time that might be outside of the statute of limitations. *Rhines*, 544 U.S. at 278.

Apart from the circumstances of *Rhines* involving a "mixed" petition presenting exhausted and unexhausted claims, both the Supreme Court and the Third Circuit have sanctioned the filing of a "protective" habeas petition with a request that consideration of the petition be stayed pending exhaustion of state remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009). In addition, the Third Circuit, relying on language in *Pace*, concluded that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' [satisfying the test laid out in *Rhines*] for him to file in federal court." *Heleva*, 581 F.3d at 191 (quoting *Pace*, 544 U.S. at 416).

McEneaney has specifically asked the Court to stay consideration of his habeas petition and Respondents do not oppose the requested stay. They recognize that, depending on the retroactive effect of *Miller*, McEneaney's sentence may have to be revisited by the state court given Petitioner's status as a juvenile offender given a mandatory sentence of life without the possibility of parole.[3] *See* Resp. at 8-9 (recognizing that "[i]f the Pennsylvania Supreme Court

---

[3] At the time McEneaney was sentenced, Pennsylvania law provided for either a death sentence or a mandatory term of life imprisonment for first-degree murder, regardless of the age of the defendant at the time of the crime. *See* 18 Pa. Const. Stat. § 1102(a)(1) (subsequently amended). After *Miller*, the statute was amended to allow a term of life imprisonment without parole or a term of 35 years to life for first-degree murder committed by a person aged 15-17. *See* 18 Pa. Cons. Stat. § 1102.1(a)(1). The amendment states that it applies prospectively to those convicted after June 24, 2012. McEneaney, however, was convicted on March 23, 2007 and the conviction became final 30 days after the Superior Court affirmed the judgment of sentence on October 6, 2008. *See Commonwealth v. McEneaney*, Appeal Docket Sheet, No. 1473 EDA 2007 (Pa. Super. Ct.). Therefore, the legislative amendment does not inure to his benefit.

rules in the pending Cunningham case that Miller should apply retroactively to cases [that have] already finished direct appeal, petitioner will have another avenue of relief to pursue in state court," that is, to file another PCRA petition within 60 days from the date of such a decision). It is still possible, therefore, for Petitioner to obtain desired relief in the state court as to his mandatory sentence, if not also his entire conviction should the Superior Court find merit in his other claims. Finally, we note that many other courts in this district are following the "stay and abey" approach in similar circumstances. *See, e.g., Elliott v. Folino*, Civ. A. No. 13-1944, 2013 WL 3943163 (E.D. Pa. July 31, 2013) (order of Yohn, J., approving and adopting Report of Hey, M.J.); *Graber v. Harry*, Civ. A. No. 13-3369, 2013 WL 3929629 (E.D. Pa. July 30, 2013) (order of Davis, J., approving and adopting Report of Rice, M.J.); *Figueroa v. Wenerowicz*, Civ. A. No. 13-2687, 2013 WL 3929628 (E.D. Pa. July 30, 2013) (order of Diamond, J., approving and adopting Report of Angell, M.J.); *Stinson v. Wenerowicz*, Civ. A. No. 13-1814, 2013 WL 3084441 (E.D. Pa. June 18, 2013) (order of Joyner, J., approving and adopting Report of Hey, M.J.); *Correa v. Harlow*, Civ. A. No. 12-1954, 2012 WL 3041818 (E.D. Pa. July 24, 2012) (Report of Rice, M.J.), approved and adopted by Sanchez, J. (July 31, 2012).[4]

Under the circumstances, staying consideration of McEneaney's petition is consistent with *Pace / Rhines* and with Petitioner's interest in preserving an opportunity for federal review. If he is unsuccessful in obtaining relief in the state court, he may then reactivate this federal petition once his *Miller* claim and his other claims are exhausted. Therefore, we recommend that this matter be placed in suspense and that Petitioner and Respondents be required to notify the

---

[4] In light of Respondents' acquiescence to a stay, we have not undertaken any assessment of the potential merit of the unexhausted claims, which we ordinarily would do before recommending a stay pursuant to *Rhines*. We do observe, however, that the *Miller* claim at least appears to have been brought in a timely manner.

6

Court within thirty days of the conclusion of the state court proceedings so that the fully exhausted habeas petition may proceed in this Court.

Our Recommendation follows.

## **R E C O M M E N D A T I O N**

AND NOW, this 20th day of September, 2013, IT IS RESPECTFULLY RECOMMENDED that the Court STAY consideration of the habeas petition and HOLD IT IN ABEYANCE on the civil suspense docket pending exhaustion of state court remedies. IT IS FURTHER RECOMMENDED that the Court require Petitioner and Respondents to notify the court within thirty days of the conclusion of the state appellate proceedings so that the habeas petition may proceed in this Court.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE